## MAURINE A. TRITES *vs.* CITY OF MELROSE.

Middlesex.    May 8, 1945. — June 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Way,* Public: defect. *Practice, Civil,* Ordering verdict; Exceptions: what questions open. *Damages,* For tort. *Evidence,* Presumptions and burden of proof.

On evidence that the plaintiff in an action against a city under G. L. (Ter. Ed.) c. 84, § 15, had fallen when her heel caught in a hole three and one half inches wide, three inches long, and one and one half inches deep, that had existed for three months in a public sidewalk in the city regularly traversed by police officers, a finding for the plaintiff was warranted.

A prudent practice for a judge, presiding at a trial in the Superior Court, to adopt, when he is not prepared to grant a motion for a directed verdict, is to require the moving party to state all the grounds upon which he relies in support of the motion, as otherwise an exception to its denial leaves open every ground in support of it, even though not mentioned nor thought of at the trial. Per RONAN, J.

The provision of G. L. (Ter. Ed.) c. 84, § 15, that the damages that a traveller may recover from a municipality for an actionable defect in a public way shall not exceed "one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than" $4,000, does not require the plaintiff in an action under that section to prove such valuation as part of his case.

TORT. Writ in the Superior Court dated February 7, 1942.

The case was tried before *Morton,* J.

*A. B. Way, Jr.,* City Solicitor, for the defendant.

*J. W. Blakeney,* (*C. A. Kane* with him,) for the plaintiff.

RONAN, J. The plaintiff, while on her way to work at about 9:30 A.M. on March 8, 1941, fell upon the sidewalk of a public way, sustaining personal injuries for which a jury has awarded her damages in the sum of $3,000. The defendant excepted to the denial of a motion for a directed verdict.

The sidewalk was composed of cement blocks. There was evidence that a piece was missing from one of these blocks where it adjoined the next or southerly block, leaving

a hole three and one half inches wide across the sidewalk, three inches in length along the sidewalk, and one and one half inches deep. The jury could find that, while the plaintiff was proceeding along the way, her left heel went into the hole, bringing the front of the heel against the straight edge of the southerly block with such force as to separate the heel from the upper of the shoe, causing her left leg to crumple under her, throwing her to the sidewalk and breaking her leg. It was snowing at the time of the accident and the sidewalk was covered by an inch of snow. The evidence was sufficient to show that it was this particular hole that caused the plaintiff to fall. The hole was in front of a gasoline filling station. It was about seventy-five feet away from the apartment house in which the plaintiff lived. It was located upon a sidewalk over which both day and night police officers walked in covering their routes. There was evidence that it had existed for at least three months prior to the accident. The jury could find that the sidewalk was unsafe and inconvenient for the use of pedestrians on account of the hole, and that this defect might have been discovered and remedied by the exercise of reasonable care and diligence upon the part of the city. *Marvin* v. *New Bedford,* 158 Mass. 464. *Witham* v. *Boston,* 262 Mass. 291. *Cook* v. *Boston,* 266 Mass. 159. *Sheehan* v. *Lynn,* 269 Mass. 571. *Guidi* v. *Great Barrington,* 272 Mass. 577. *Sears* v. *Greenfield,* 287 Mass. 445. *Smith* v. *Fall River,* 295 Mass. 88. *Saunders* v. *Medford,* 304 Mass. 464.

The damages that a traveller may recover from a city for an actionable defect upon a public way shall not exceed "one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than four thousand dollars." G. L. (Ter. Ed.) c. 84, § 15. The failure of the plaintiff to offer evidence of such valuation, it is urged, bars recovery. At the argument before this court, counsel for the plaintiff exhibited a certified copy of this valuation, which he stated he was prepared to introduce in evidence but did not do so on the assurance of counsel then representing the defendant that he need not put the valuation in evidence. Of course, we cannot consider this state-

ment of counsel as to what occurred at the trial, as the bill of exceptions which purports to set forth all the material evidence is silent with reference to the matter of valuation. *Barnes* v. *Springfield*, 268 Mass. 497, 504. *Gorey* v. *Guarente*, 303 Mass. 569. *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20, 26–28. *Gordon* v. *Guernsey*, 316 Mass. 106. We cannot, however, refrain from pointing out that the question of valuation in all probability would not have arisen if the judge had required the defendant to specify the grounds upon which it based the motion for a directed verdict. *Guidi* v. *Great Barrington*, 272 Mass. 577. *Beebe* v. *Randall*, 304 Mass. 207, 209. When a judge is not prepared to grant such a motion, a prudent practice for him to adopt is to require the moving party to state all the grounds upon which he relies in support of the motion, as otherwise an exception to the denial of the motion leaves open every ground in support of the motion even though not mentioned or even thought of at the time of the trial. *Proctor* v. *Dillon*, 235 Mass. 538. *Krasnow* v. *Krasnow*, 253 Mass. 528. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 270. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 111. *Beaumier* v. *Heath*, 282 Mass. 312. *Sylvia* v. *New York, New Haven & Hartford Railroad*, 296 Mass. 157, 164. *Connors* v. *Wick*, 317 Mass. 628. The point now raised is open.

Sections 18 and 20 of Pub. Sts. c. 52 were combined into one section in R. L. c. 51, § 18, and have since continued in a single section. G. L. (Ter. Ed.) c. 84, § 15. There is nothing in the report of the commissioners who compiled and arranged the Revised Laws indicating that any change was intended in the preëxisting law. The first provision of § 15 in its present form creates a liability, and this is immediately followed by a provision that damages shall not be more than one fifth of one per cent of the valuation and in no event shall exceed $4,000. Both provisions are mutually independent and are separated by a semicolon. The combination of these two sections without any substantial change in phraseology did not affect the meaning that each had when they stood separate and apart. *Richmond Cooperative Association, Inc.* v. *Gill*, 285 Mass. 50, 52. *Neiss*

v. *Burwen,* 287 Mass. 82, 95–96. *Ross* v. *Crane,* 291 Mass. 28, 34.

The case of *Harris* v. *Quincy,* 171 Mass. 472, arose under Pub. Sts. c. 52, §§ 18, 20, and it was held that the burden was upon the city under § 20 to prove the valuation if it desired to reduce the damages below $4,000. That burden, we think, still remains with the defendant. The defendant relies upon *Ansell* v. *Boston,* 254 Mass. 208, but that case dealt with an exception to liability and not with a limitation on damages and, as pointed out in that case, it did not pertain to the clause now in question.

*Exceptions overruled.*