## QUINT v. KALLAOS et al.

### No. 13449.

Circuit Court of Appeals, Eighth Circuit.

May 20, 1947.

Jerome F. Duggan, Carl M. Dubinsky, Edward A. Dubinsky, and Edward C. Koeneman, all of St. Louis, Mo., for appellant.

Raymond J. Lahey, of St. Louis, Mo., for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellant brought this suit under section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A. Appendix, § 925(e), against the owners of an apartment in the St. Louis Defense-Rental Area to recover for overcharges for rent paid by her for the apartment for eleven months beginning March 1944 and including January 1945. She al-

leges that under the applicable regulation promulgated by the Price Administrator the maximum rent chargeable during the period in suit was $35 a month, and that for each of the months in suit she was charged and paid $37.50 a month. She asked judgment against the defendants for $50, plus attorney's fees and costs, for each of the alleged monthly overcharges.

At the conclusion of the plaintiff's case the defendants presented the following motion:

"Now come the defendants, Sam Kallaos and Irene Kallaos, and at the close of the plaintiff's case ask that the Court direct the jury to find a verdict for the defendants in this action."

Following a discussion between the judge and counsel at the bench, which was not reported, the motion was sustained, the judge saying that he felt "that the plaintiff has not sustained a verdict."

▮▮▮▮ Appellant argues that the District Court committed error in its ruling on appellees' motion for a directed verdict because the motion did not "state the specific grounds therefor" as provided by Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We think the insufficiency of the motion in the respect stated of no importance on this appeal since the motion was granted and no question as to the form of the motion was raised at the trial. The question here is whether the action of the court may be sustained when the evidence and all the reasonable inferences to be drawn therefrom are considered in the light most favorable to the appellant.

All the evidence taken at the trial is in the record on appeal. From the evidence it appears that approximately ten years before the trial of the case on May 2, 1946, the premises involved in the action were rented from the former owners by the appellant's husband. Appellant and her husband separated in May 1942 and were divorced in March 1946. Prior to their separation they occupied the leased premises and the rent was paid by the husband. From the time of their separation appellant continued to occupy the apartment, paying each month's rent as it became due with her funds. Appellant testified that on March 1, 1942, the rent payable for the apartment was $35. In support of this testimony she introduced in evidence the written receipt of the rental agents representing the defendants in the management of the leased premises, showing that the rent due on March 1, 1942, for the month of March was $35, and her personal check for the rent for the month of March marked paid and endorsed by the rental agents. She introduced similar receipts signed by the rental agents and her cancelled personal checks payable to them for each and every month involved in the period in suit showing the payment by her of $37.50 for each month's rent.

The trial court gave no indication of its reasons for sustaining the motion for a directed verdict except as indicated above. Appellees offered no evidence at the trial beyond introducing on cross examination of appellant a copy of the registration of the leased premises with the Office of Price Administration. In this certificate of registration filed August 13, 1942, appellees stated that the rent charged for the premises on March 1, 1942, was $37.50.

At the trial of the case appellees contended that appellant was not entitled to maintain the action because she was not the lessee of the premises. They advance the same argument here. Appellant admits that the premises were originally rented by her husband, and that the rent receipts given to appellant by the rental agents were made out to her husband and not to her, except for the last three months of the period involved in suit. This change in the receipts was made by the rental agents on request of the appellant.

We think the merit of appellees' contention that appellant is not entitled to maintain this action because her husband was the original lessee of the premises, and, as such, the purchaser of the housing accommodations occupied by appellant is at least doubtful, in view of the provisions of section 205(e) of the Emergency Price Control Act that:

"For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed

the buying or selling of a commodity, as the case may be * * *."

But we do not decide the question since under the evidence we think the jury might justifiably have drawn the inference that appellant was accepted as lessee of the premises throughout the period involved in this suit. The evidence was also sufficient to establish that the maximum monthly rent legally chargeable for the period in suit was $35. Maximum Rent Regulation No. 28, 7 Fed. Reg. 7322.

Reversed and remanded for further proceedings.