**John SEDLACK, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, a Corporation, Defendant-Appellee.**

**No. 12165.**

United States Court of Appeals Seventh Circuit.

March 14, 1958.

George J. Moran, Granite City, Ill., James Gray, East St. Louis, Ill., Cleo V. Barnhart, St. Louis, Mo., for appellant.

Frank M. Rain, East St. Louis, Ill., Pope & Driemeyer, East St. Louis, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

In August, 1952, plaintiff purchased from a Cadillac dealer a combination Cadillac ambulance-funeral coach. On September 30, 1954, while operating the motor vehicle on an emergency call along a straight stretch of paved highway, the plaintiff claims the right front wheel assembly bent and collapsed causing the ambulance to overturn, resulting in severe personal injuries to plaintiff.

Plaintiff's theory in asking for damages was that defendant manufactured the ambulance with a defective A-frame in that it contained a longitudinal crack which caused the collapse of the front wheel assembly. Plaintiff claimed defendant was negligent in failing to discover the defective A-frame before offering the vehicle for sale to the public.

The jury found the issues favorable to the defendant. Plaintiff's motion for a new trial was denied. On this appeal, plaintiff claims as error two instructions given by the Court. Plaintiff also asserts the trial court committed error in sustaining an objection to hypothetical questions asked by plaintiff's counsel.

The trial court instructed the jury: "You, as jurors, have no friends to help; you have no enemies to punish. This lawsuit is one of cold-blooded justice and nothing else." Plaintiff claims this instruction was inflammatory and prejudicial; that "cold-blooded" means ruthless, heartless, cruel and relentless. That the proper attitude of the jury should have been fair-minded and impartial.

■ The expression "cold-blooded justice" was unfortunate. It was not helpful in putting the jury in a proper frame of mind to bring in an impartial verdict. However, we cannot say the phrase constituted prejudicial error. Taking the charge as a whole, as the Court instructed the jury to do, we hold the error to be harmless.

The trial court also instructed the jury: "You should base your verdict solely and exclusively on the evidence presented before you and in accordance with the law as given to you by the Court." Plaintiff claims this instruction is prejudicial because it precluded the jury from exercising its prerogative to draw reasonable inferences from the evidence.

■ The trial court might well have added that the jury was entitled to draw reasonable inferences from the evidence. However, the Court did say that the jurors had a right to take into consideration their experiences in their everyday life in arriving at a verdict. Under the circumstances of this case, we hold the trial court did not commit prejudicial error in giving the instruction last above quoted.

The last claim of error involves the District Court's rulings excluding certain exhibits and sustaining objections to certain hypothetical questions asked on the taking of the pre-trial deposition of Bayard Brick, an engineer, who was plaintiff's expert witness. Part of Mr. Brick's deposition was received in evidence, and consisted of his opinions based on examination of plaintiff's Exhibit 1, a photograph of the right front A-frame of the Cadillac taken shortly after the accident. In Mr. Brick's opinion, the longitudinal crack in the A-frame, as shown by the photograph, pre-existed the accident. Plaintiff's Exhibits 3–17, both inclusive, which were ruled inadmissible, included a model of a right front A-frame of a 1952 Cadillac made by Mr. Brick, several photographs of the model taken by him, and analytical computations prepared by him. Objections to the hypothetical questions put to Mr. Brick, based on such exhibits, were sustained.

■■ The model built by Mr. Brick, the photographs thereof, and also the analytical computations based upon tests of the model, were demonstrative evidence. The admissibility of such evidence is largely within the discretion of the trial judge. Saldania v. Atchison, T. & S. Fe R. R. Co., 7 Cir., 241 F.2d 321, 322; Smith v. Ohio Oil Co., 10 Ill.App. 2d 67, 134 N.E.2d 526, 530, 531. We hold there was no abuse of discretion. In this connection it should be noted that testimony of Mr. Brick based upon Exhibit 1, a photograph of the A-frame involved in the accident, was received into evidence and was considered by the jury.

Finding no prejudicial error, the judgment based upon the verdict of the jury is

Affirmed.