OLSON TOWBOAT COMPANY, Olson Steamship Co., THE Tug JEAN NELSON, THE Barge FLORENCE, Appellants,

v.

Joao DUTRA, Appellee.

No. 17432.

United States Court of Appeals
Ninth Circuit.

March 15, 1962.

John H. Black, Henry Schaldach, San Francisco, Cal., for appellants.

Francis J. Solvin, San Francisco, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and ROSS, District Judge.

BARNES, Circuit Judge.

Appellee, a seaman, sued the boatowners for damages for the loss of a portion of the index finger on his right hand. He charged negligence in his first cause of action; unseaworthiness in his second. In a trial by the district court without a jury, the court found, by its "Amended Findings," that respondents below (appellants here) had "negligently operated said vessels so as to allow the mooring cable to become defective," and that said same condition of the mooring cable made the vessel unseaworthy and not a safe place to work. Damages of $3,500 were awarded. Appellants objected to the findings, and appeal here upon the ground (a) there was no showing of negligence or unseaworthiness; (b) no showing the appellants owned "the wire line and loop" appellee was casting off when the injury occurred; and (c) no showing of any defect in the wire loop; therefore the judgment rests on speculation.

We adopt the first portion of the statement of facts related by appellants in their brief:

"The appellant herein, Olson Towboat Company, a corporation, owned and operated the tugboat "JEAN NELSON" and the barge "FLORENCE". On November 1, 1959 appellee was employed by appellant aboard said tug and barge at Bandon, Oregon. The barge and tug were tied up to the city dock at Bandon, Oregon. After the tug put its

tow line to the bridle of the back of the barge, appellee was to take the lines off the barge and let them go. He had put several of the lines off the barge, and the spring line was next. He picked the line off the bitt, lifted it up and held it in his hands and waited for the man on the dock to tell him to let it go. This particular wire spring line is fastened with a loop at the end which fits over the bitt. The man on the dock told him to let the line go, and as he let it go something cut his finger."

■ Appellants urge that appellee himself saw nothing in the wire loop that caused his injury; did not see "the condition" of the wire loop; saw no defect (such as "snags" or "cut wires") and "guessed" something was wrong. At times circumstantial evidence is stronger than direct testimony based on powers of observation. Here appellee knows "something in the loop" caused his finger to be cut. The fact that a severe cut occurred as appellee let the loop go is strong evidence that the metal loop caused the cut, in the absence of some other factual circumstance. The wire loop was required to be handled. It was so handled, and according to plaintiff below, it injured him. No other explanation of how the injury took place, or that it did not take place, is inferred or suggested. Thus the *cause* of the injury is established by circumstantial evidence sufficient, in the absence of any other explanation, to be believed by a trier of fact.

We then, and only then, reach the question of negligence. Speculation cannot remedy a lack of proof. But all deduction based on circumstantial evidence involves some speculation—speculation sufficiently probable or certain so that it is deemed to be worthy of credence and belief.

■■ Recognizing that the burden of proving both negligence and unseaworthiness rests upon libellant below, we think the uncontradicted facts and circumstances disclosed here by a careful reading of the short record before us establishes sufficient facts and circumstances surrounding the occurrence of the injury from which negligence may be inferred, Fegles Const. Co. v. McLaughlin Const. Co., 9 Cir. 1953, 205 F.2d 637, E. K. Wood Lumber Co. v. Andersen, 9 Cir. 1936, 81 F.2d 161, Wood v. United States, S.D.N.Y.1954, 125 F.Supp. 42, and from which it could be inferred that the owner of the vessel had failed in his nondelegable duty to furnish the barge with a seaworthy line. In Petterson v. Alaska S. S. Co., 9 Cir. 1953, 205 F.2d 478 at 479, we said, with reference to a "breaking block":

"If the block was being put to a proper use in a proper manner, as found by the district judge, it is a logical inference that it would not have broken unless it was defective— that is, unless it was unseaworthy.

"In making this inference we do not rely upon the tort doctrine of *res ipsa loquitur*, although the result is similar. *Res ipsa loquitur* is a doctrine of causation usually applied in cases of negligence. Here we are dealing with a specie of strict liability regardless of fault. Seas Shipping Co. v. Sieracki, supra, 328 U.S. [85,] at page 94, 66 S.Ct. 872, [90 L. Ed. 1099.] It is not necessary to show, as it is in negligence cases, that the shipowner had complete control of the instrumentality causing the injury, see O'Mara v. Pennsylvania R. Co., 6 Cir., 95 F.2d 762; or that the result would not have occurred unless someone were negligent, see Pillars v. R. J. Reynolds Tobacco Co., 117 Miss. 490, 78 So. 365. It is only necessary to show that the condition upon which the absolute liability is determined—unseaworthiness—exists. Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561. That has been shown here."

■ As to the question of ownership of the wire loop and line, *used* by the appellants who required the appellee to likewise *make use* of the wire loop in casting off, this issue is likewise foreclosed to appellants by the holding of this court in

Petterson v. Alaska S. S. Co., supra, Cf: Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539 at 549, 80 S.Ct. 926, 4 L.Ed.2d 941, at least as far as unseaworthiness is involved. Here there was no "improper, if not foolhardy use, of the ship's gear," as existed in Freitas v. Pacific-Atlantic S. S. Co., 9 Cir. 1955, 218 F.2d 562, relied on by appellants.

Appellants call our attention to the fact that the findings originally proposed, but not signed, read that the mooring cable "had *become frayed* and *defective*" (emphasis ours) but that in the findings actually signed, the word "frayed" was deleted. This is correct, and, in view of the lack of any evidence as to "fraying," was proper. Appellants surely do not claim this as error.

█ Finding circumstantial evidence exists in the record sufficiently to justify the trial court's findings of both negligence and unseaworthiness, we affirm the holding of the court below.