**NATIONAL FOOD STORES, INC.,**
Appellant,

v.

**William C. UTLEY, Appellee.**
No. 16957.

United States Court of Appeals
Eighth Circuit.

June 7, 1962.

John B. Mack of Clifton, Mack & Kirkpatrick, Memphis, Tenn., for appellant, and Abner McGehee, of Cockrill, Laser, & McGehee, Little Rock, Ark., on the brief.

E. L. McHaney, Jr., Little Rock, Ark., for appellee.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for $10,000 in favor of the plaintiff (appellee), based upon the verdict of a jury in a diversity action brought to recover damages, both compensatory and punitive, from the defendant (appellant) for false imprisonment alleged to have been brought about on August 8, 1960, in the city of North Little Rock, in willful disregard of the rights of the plaintiff, by Raymond Cash, the manager of the defendant's store at Pike Plaza Shopping Center in that city.

This case grew out of the arrest, and incarceration in the City Jail in North Little Rock, of the plaintiff, who was a resident of Memphis, Tennessee, and a salesman for E. L. Bruce Company. While on business in the city of North Little Rock, he was mistakenly identified by the manager of the defendant's North Little Rock store as a man who had recently cashed some worthless checks at the store. This resulted in the plaintiff's being arrested, being objectionably interrogated by the police, and being kept incommunicado overnight in a filthy, roach-infested jail.

The controverted issues of fact, which were tried, are concisely stated in the instructions of the trial court to the jury as follows:

"Members of the Jury, as you have gathered from what has transpired in the course of the trial up to this time, it is the theory of the plaintiff that on the afternoon of August 8, 1960, the defendant, acting through its North Little Rock store manager, one Raymond Cash, procured the alleged unlawful arrest and imprisonment of the plaintiff by members of the Police Department of the City of North Little Rock, and that plaintiff was unlawfully imprisoned and confined overnight in the North Little Rock City Jail, which alleged unlawful arrest and imprisonment is said to have damaged the plaintiff. The plaintiff seeks to recover compensation for the actual damages which he claims to have sustained as a result of the alleged wrongful act of defendant's employee Cash, and, in addition, plaintiff contends that the acts of said employee were of such a character and quality that in addition to making an award for actual or compensatory damages, you should make a further award of what is known as punitive or exemplary damages, which are damages which may be awarded in a proper case by way of punishment for wrongdoing or as an example to others.

"The defendant has filed an answer in the case in which it denies that it is liable to the plaintiff in any sum whatever, and in which it denies that it is in any event liable to plaintiff for punitive damages. In this connection the defendant admits that on

the occasion in question its store manager, Mr. Cash, while acting within the scope of his employment observed the plaintiff and thought that he was one McCreary who was known or suspected to have defrauded defendant by means of a certain check or checks, and that Cash telephoned the North Little Rock Police Department, which call caused Officers Williams and Simons to be despatched to the Pike Plaza Shopping Center where plaintiff had parked his car. It is further admitted that the officers in fact took plaintiff into their custody, and that he was in fact confined overnight in the North Little Rock City Jail.

"The defendant contends, however, that to the extent, if any, to which Cash caused the arrest and imprisonment of the plaintiff, Cash was acting in good faith and that he had probable cause to bring about the arrest of McCreary and that he also had probable cause to believe that the plaintiff Utley was McCreary, and that in view of the existence of such alleged probable cause the arrest and imprisonment were lawful even though such arrest and imprisonment were made and effected without a warrant or other judicial process.

"It is still further contended by the defendant that although Mr. Cash either directly or indirectly caused the officers to be despatched to the scene, nevertheless Cash did not in fact cause plaintiff's arrest and imprisonment. And in that connection defendant contends that while plaintiff was still at the shopping center and being questioned by the officers Cash or defendant's assistant store manager, Wilkins, or both of them, realized that plaintiff was not McCreary and so advised the officers; and the defendant contends that plaintiff's subsequent removal from the shopping center and his confinement in the City Jail were effected by the officers acting on their own responsibility and not as a result of any actions or representations made by Cash."

The defendant had objected to the issue of punitive damages being submitted to the jury, upon the claim that, under Arkansas law, there was an inadequate evidentiary basis for the allowance of such damages. The court gave the following instructions to the jury:

"* * * If you find for the plaintiff, you will make one award of actual damages, if any you find, and if you make such an award, and if you further find from a preponderance of the evidence that there should be an award of punitive damages, then you will make a separate award of such damages, if any. One of the forms of verdict which will be handed you presently will have appropriate spaces on it for the insertion of these separate awards, if any."

The jury's verdict for the plaintiff read:

"Actual damages $10,000
Punitive damages none".

It is argued on behalf of the defendant that the trial court erred (1) in admitting in evidence the financial worth of the defendant; and (2) in submitting to the jury the issue of punitive damages. It is also asserted that the compensatory damages awarded by the jury are excessive.

■■ The defendant has not demonstrated, nor can we demonstrate, that the evidence of the financial worth of the defendant was prejudicial or that it had anything whatever to do with the jury award of compensatory damages. Since there was no award of punitive damages, the submission of that issue could not constitute prejudicial error.

■ The amount of the compensatory damages allowed by the jury is, we think, larger than it should have been, and might well have been reduced by action of the trial court. The amount, however, cannot be said to be either monstrous or shocking. It is important in diversity cases such as this that the damages awarded by a federal court jury

shall not exceed those which could be sustained, were the case before the Supreme Court of the state. The duty and responsibility of keeping damages within reasonable bounds must, however, in the interest of orderly administration of justice, remain primarily with the trial judge. See Solomon Dehydrating Company v. Guyton, 8 Cir., 294 F.2d 439, 446–448.

The judgment appealed from is affirmed.