**George Washington LONGMIRE,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25437.**

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1968.

Rehearing Denied Jan. 24, 1969.

Anthony Cicio, Graydon L. Newman, Jr., Birmingham, Ala., for appellant.

R. Macey Taylor, Melton L. Alexander, Asst. U. S. Attys., Birmingham, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE, * Circuit Judges.

PER CURIAM:

Defendant appeals from his conviction under 26 U.S.C. § 5205(a) (2) which prohibits the sale of nontaxpaid whiskey. On March 28, 1967, treasury agent McGinnis and one White, a paid government informer, drove to defendant's home with a view to purchasing some illicit whiskey. Before approaching the house McGinnis climbed into the trunk of the car which was fitted with a homemade periscope through which he could observe the interior and part of the exterior of the car. Also the rear seat radio speaker had been removed so that the agent could see the interior of the car and hear what transpired. At defendant's home McGinnis watched through the periscope and grill while defendant and White held a conversation concerning the purchase of whiskey. Defendant told White that "he had plenty of whiskey, but he couldn't get to it right then." White indicated he would return the next night. The sale in question was consummated the following evening while McGinnis observed the transaction through the viewing devices above mentioned.

 The government periscope was not available at trial and defendant claims that the district court committed reversible error in not permitting him to introduce a homemade replica of it. Although admitting that the replica was very similar the government objected that it was not a complete and accurate reproduction and therefore was of no probative value. The admissibility of demonstrative evidence is largely within the discretion of the trial judge. Sedlack v. General Motors Corp., 7 Cir., 1958, 253 F.2d 116, 69 A.L.R.2d 420. See Atkins v. United States, 5 Cir.,

1957, 240 F.2d 849. Further, it appears that counsel was allowed to display the replica to the jury and to use it in his argument. Under the circumstances we cannot say that the trial court abused its discretion in refusing to admit this model in evidence.

 On appeal, defendant seeks for the first time to interpose the defense of entrapment. Not having raised this defense at trial it is much too late for him to do so now. Moreover, the defense of entrapment assumes that the act charged was committed and where a defendant insists, as he did here, that he did not make the sale in question, this defense is not available to him. Harris v. United States, 5 Cir., 1968, 400 F.2d 264 [Aug. 1, 1968]; McCarty v. United States, 5 Cir., 379 F.2d 285, 287, cert. denied, 389 U.S. 929, 88 S.Ct. 291, 19 L.Ed.2d 281 (1967).

 The record is barren of any evidence to support defendant's next contention that he was the victim of pressures emanating from the Treasury Department and local news media for convictions in connection with so-called "Operation Dry Up" and thus was deprived of due process. We dismiss this specification of error as groundless.

 Finally, defendant asserts he is entitled to a new trial apparently on the ground of newly discovered evidence.[1] In support of this he says he now remembers that in 1965 agent McGinnis told him "I am going to get you" when he refused to go to work for McGinnis as a government informer; that this threat indicates a long term prejudice against him which warrants a new trial. In this connection we observe that defendant in his testimony at trial stated that he did not know McGinnis "until he came out and arrested me" in the instant case. Under Fed.R. Crim.P. 33 motions for new trial on the ground of newly discovered evidence must be

---

* From the First Circuit, sitting by designation.

1. Since the time for filing a motion for new trial under Fed.R.Crim.P. 33 on any other ground has expired, we assume that defendant's motion is based on newly discovered evidence.

filed in the district court. 4 W. Barron & A. Holtzoff Federal Practice and Procedure § 2282 at 290 (1951). This was not done. In any event, where, as here, the "new evidence" was at all times wholly within defendant's personal knowledge and directly contradicts his own prior testimony, it does not fall within the criteria laid down in Weiss v. United States, 5 Cir., 122 F.2d 675, cert. denied, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941).

Affirmed.