CITY STORES COMPANY, t/a Lans-
burgh's, Appellant,

v.

Gloria D. GIBSON, a minor, by and through
John J. Gibson and Leona L. Gibson,
parents and next friends, Appellee.

No. 4988.

District of Columbia Court of Appeals.

Argued Feb. 24, 1970.

Decided March 24, 1970.

William A. Mann, Washington, D. C., with whom Allan C. Swingle, Washington, D. C., was on the brief, for appellant.

Benjamin F. Rossner, Washington, D. C., for appellee.

Before FICKLING, KERN and NEBE-KER, Associate Judges.

PER CURIAM:

This was an action against a department store for false arrest, imprisonment, and malicious prosecution of a suspected shoplifter. The jury awarded appellee, a high school student at the time of the incident, $5000 to compensate for her alleged physical and mental suffering, humiliation, and damage to reputation. She had been forced to partially disrobe in the "security" room of the store before the female store detective who arrested her and she thereafter spent a night in jail. She was eventually acquitted in a criminal prosecution for shoplifting. The trial court denied appellant's motion for a remittitur or, in the alternative, a new trial, and appellant alleges such denial was error.

A motion for remittitur is addressed to the discretion of the trial court. 6A J. Moore, Federal Practice ¶ 59.05 [3], at 3742–45 (1966). We emphasize that such a decision should not be taken lightly by the trial judge, for it will rarely be disturbed by an appellate tribunal. While "[t]he amount of the compensatory damages allowed by the jury is, we think, larger than it should have been, and might well have been reduced by action of the

trial court * * * [it] cannot be said to be either monstrous or shocking." National Food Stores, Inc. v. Utley, 303 F.2d 284 (8th Cir. 1962). We cannot say upon this record that the verdict was so beyond the range of reason that we must reverse the trial court's refusal to order the remittitur.

■ Appellant also asserts that the trial court should have granted a mistrial because of possible prejudice resulting from the jury overhearing the court's admonition at the bench to both counsel after the trial commenced, warning them to be "gentlemanly". Appellant failed to raise objection in a timely manner to these remarks, failed to show that the jury in fact overheard them, and also failed to demonstrate that these remarks, even if overheard by the jury, were so prejudicial to his case that a new trial was required.

We conclude that there was no error justifying reversal.

Affirmed.