Fred CLARK, Appellee,

v.

CENTRAL STATES DREDGING CO.,
a Corporation, Appellant.

No. 19914.

United States Court of Appeals,
Eighth Circuit.

Aug. 12, 1970.

W. Munro Roberts, Jr., of Heneghan & Roberts, St. Louis, Mo., for appellant.

Sandor Korein, East St. Louis, Ill., for appellee; Joseph Cohn, East St. Louis, Ill., and Edward I. Davidson, St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, MEHAFFY and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Plaintiff, appellee, while in the performance of his duty as a seaman on his employer's vessel, received a crushing injury to his left hand and brought suit in admiralty for damages grounded on the General Maritime Laws alleging unseaworthiness of the vessel, and under 46 U.S.C. § 688 (commonly referred to as the Jones Act), alleging negligence. The case was filed in admiralty but later upon plaintiff's motion was transferred to the law side and tried to a jury. The jury found for plaintiff and assessed his damages at $75,000.00. Judgment was entered for the amount found by the jury verdict. We affirm the judgment.

The injury occurred while plaintiff was working as a deck hand on a dredge tender which together with a dredge and towboat were engaged in a dredging operation on the lower Mississippi River. At the time of the injury, the seamen were in the process of moving anchors upstream. The location of the dredge's two anchors was marked by two steel drums each attached to one anchor by a ⅝ inch steel cable. The anchors were also attached by ⅝ inch cables to the dredge. Following apparently standard procedure, the dredge tender approached the drums or buoys from downstream under the guidance of plaintiff's signals. Plaintiff and another deck hand pulled one of the buoys out of the water onto the deck. At plaintiff's signal the tender continued upstream causing the buoy lines to become slack. Plaintiff then pulled ten or twelve feet of the cable onto the deck. He wore gloves to protect his hands from burrs that might be on the cable. There are two "bitts" on the deck about which the plaintiff was to coil the cable in a figure eight pattern. The bitts were fourteen to sixteen inches apart and it took three to three and one-half feet of cable to make one figure eight pattern. Plaintiff was to have made three such patterns, but while making the second pattern he noticed the cable tightening up. He testified that he attempted to drop the cable but that he was unable to free his left hand because his glove was caught on a burr of the cable. His left hand was crushed between the cable and the bitt. Although plaintiff testified that the vessel drifted backwards, resulting in the

tightening of the cable, on cross-examination he stated that he did know if the vessel was moving forward or not at the time of his injury.

Defendant first assigns as error the overruling of its motions for directed verdict, arguing that the evidence wholly failed to support a submission of the case to the jury under either the admiralty law theory of unseaworthiness or the Jones Act theory of negligence. Plaintiff counters with the argument that no motion was made by defendant, either oral or written, at the close of plaintiff's evidence, and that at the close of all of the evidence defendant merely made the following oral motion:

> "Your Honor, at this time defendant makes an oral motion for a directed verdict at the conclusion of all the evidence and asks leave of the court to file a written motion setting forth its grounds tomorrow morning; since court is adjourning now."

The judgment was entered on the jury's verdict on the 16th day of April, 1969. Defendant did not file a written *motion setting forth any grounds to* base it on until April 17, 1969, the day following the entry of the judgment. Thus, the court was not apprised of the *grounds for defendant's motion until* after the judgment was entered and there was a failure to comply with Fed. R. Civ.P. 50(a), which provides, "a motion *for a directed verdict shall state the* specific grounds therefor."

■ We pointed out in Ralston Purina Co. v. Parsons Feed & Farm Supply, 364 F.2d 57, 60 (8th Cir. 1966), that the purpose of requiring that specific grounds be stated in the motion is to apprise the trial court of movant's position. See also Jones Truck Lines v. Argo, 237 F.2d 649 (8th Cir. 1956). Here, the court was uninformed of any specific ground for the motion, and presenting such grounds after the verdict had been rendered and judgment en-

tered thereon does not suffice to comply with the rule, and denial of the motions for that reason did not constitute error.

The argument is made that the situation here is analogous to the rulings of this court in Cox v. City of Freeman, Mo., 321 F.2d 887 (8th Cir. 1963), and Quint v. Kallaos, 161 F.2d 605 (8th Cir. 1947). Those cases are no authority for defendant's argument. They deal with a situation where the motion was granted, whereas here we are dealing with motions which were denied. We resolved this question in *Parsons, supra,* and said at 364 F.2d 60:

> "We are not unmindful of rulings such as Quint v. Kallaos, 161 F.2d 605 (8th Cir. 1947) and Cox v. City of Freeman, Missouri, 321 F.2d 887, 891 (8th Cir. 1963), holding that when a motion is granted the adverse party who did not object to failure of the motion to state specific grounds therefor cannot raise such an objection in the appellate court. We are dealing here with a situation where the motion was not granted and Quint and Cox, therefore, are distinguishable and inapposite."

■ We have, however, canvassed the record and are convinced that the evidence is ample to support a factual finding of unseaworthiness as well as negligence on the part of defendant.

Plaintiff's testimony consumes some forty-five pages of the printed appendix and only brief excerpts therefrom would justify a finding by the jury that the cable was defective in that a strand or strands of it were broken and that the vessel was allowed to drift causing the wire cable plaintiff was using to become taut, thus causing his hand to be mashed between the bitt and the cable. Excerpts from plaintiff's testimony reflecting the existence of factual questions for the jury's resolution are set forth below.[1]

1. "Q. And then tell the jury what happened as you started figure 8'ing this wire. A. Well, I started figure 8'ing the wire,

and I had already had one figure 8 around, and started around with another one, and the boat drifted back.

A case strikingly factually similar to the instant case is Olson Towboat Co. v. Dutra, 300 F.2d 883 (9th Cir. 1962). In *Dutra,* plaintiff's hand was injured by something on a wire loop which cut his finger. He alleged that the owners had negligently operated the vessel so as to allow the cable to become defective and that this condition made the vessel unseaworthy. A judgment in plaintiff's favor was affirmed. There, it was also argued that plaintiff did not see a burr on the loop but the court held that the circumstantial evidence was sufficient to establish that the loop was the cause of the injury and stated that the facts and circumstances were sufficient to support an inference of negligence and of defendant's failure to furnish a barge with a seaworthy line.

On the issue of negligence, plaintiff testified that the vessel drifted back, tightening the cable. The same standard of liability under the Jones Act is that established by Congress under the Federal Employers' Liability Act. Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957). This rule is enunciated in Rogers v. Mo. Pac. R.R., 352 U.S. 500, 506–507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957), as follows:

> "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contribu-

tory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence."

The facts would permit a finding of negligence in this case by reason of the condition of the cable in addition to the evidence of the drifting of the vessel.

■ ■ Defendant argues in brief that, although plaintiff need not make an election between admiralty unseaworthiness and Jones Act negligence, there must be separate and distinct instructions for each such theory; that there was error in commingling the separate theories in a single instruction; and that the two theories should not have been submitted in the disjunctive, but rather in the conjunctive.

Admittedly, the present objection to the instructions was not brought to the trial court's attention. Fed.R.Civ.P. 51 provides that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. We said in Lowe v. Taylor

"Q. Had you given any signal to quit coming ahead? A. No, sir.
\* \* \* \* \*
"Q. All right. So as you got this one figure 8, then what happened? A. The boat, it drifted back and there was a burr on this cable that caught my glove, and I couldn't get loose from the cable, and it pinned my hand down on those bits (sic).
\* \* \* \* \*
"Q. And will you tell the jury what a burr is? Your use of the term burr, what

it means? A. Well, it is a broken place in the cable.
\* \* \* \* \*
"Q. All right. And is it your testimony that this happened so fast that you didn't see the cable tightening around the bits (sic) before the slack was taken out of your hand? A. The cable went to tightening and went to pulling the cable, and I tried to get loose from the cable, and it pulled me right on into it before I could get loose."

Steel Products Co., 373 F.2d 65, 68 (8th Cir. 1967), cert. denied, 389 U.S. 858, 88 S.Ct. 85, 19 L.Ed.2d 122 (1967):

" 'Asserted errors to instructions not included in exceptions made to instructions by the trial court cannot be considered upon appeal. Rule 51, Fed.R.Civ.P.; Chicago Great Western Ry. v. Casura, 8 Cir., 234 F.2d 441, 445.' "

In Stewart v. Sioux City & New Orleans Barge Lines, Inc., 431 S.W.2d 205 (Mo. 1968), the Missouri court held, with reference to a similar instruction which submitted in the disjunctive two theories of recovery, negligence and unseaworthiness, that there was no practical distinction in submitting two theories of negligence in the disjunctive as opposed to the conjunctive where each was supported by substantial evidence and the jury could have found that either was a direct cause in whole or in part of the plaintiff's injury, or it could have found that each concurred in causing in whole or in part his injury. The effect of the Missouri court's holding was that there was no practical difference between two separate instructions and one in the disjunctive.

Negligence may be the basis for unseaworthiness but is not required in order for there to be a recovery based on unseaworthiness (see and compare Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960)), and there was no error in the instruction as given even if proper objection had been made thereto. We think, as apparently counsel for defendant thought at the time of trial, that the *instructions fairly submitted the issues to the jury when they are considered as a whole.*

■ Next, defendant contends that *the court erred in allowing a piece of rusty and burred cable to be admitted into* evidence. In chambers when this matter was discussed, the trial court stated that the exhibit was admissible to show the size of the cable plaintiff was handling and to show the jury what burrs are.

After the colloquy in chambers and the trial resumed with the jury, the court was not requested to limit the purpose for which the exhibit was admitted. There was no contention made that this section of cable was from the line used by plaintiff when he received his injury, and it was brought out on cross-examination that the exhibit was not representative of the condition of the cable that caused the injury. The admission of this type evidence is discretionary with the trial court. Meadows & Walker Drilling Co. v. Phillips Petroleum Co., 417 F.2d 378 (5th Cir. 1969); Burriss v. Texaco, Inc., 361 F.2d 169 (4th Cir. 1966); State Farm Mut. Automobile Ins. Co. v. Jackson, 346 F.2d 484 (8th Cir. 1965); Sedlack v. General Motors Corp., 253 F.2d 116 (7th Cir. 1958).

Where no contention was made other than that the exhibit merely represented the size of the cable and existence of burrs thereon, it is obvious from the context here that no prejudice resulted and no reversal is called for even in the event of an erroneous ruling. See Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

■ Finally, it is contended that the verdict is excessive. Plaintiff, as a result of his injury, underwent a series of operations and ultimately suffered amputation of his left ring finger and a permanent disability of his left hand estimated by various doctors to be 50% to 75% at the wrist. The verdict here is substantial, but so was the injury. As a reviewing court we do not feel that there was any plain injustice done or a "monstrous" or shocking result. See Chicago, R.I. & Pac. R.R. v. Melcher, 333 F.2d 996 (8th Cir. 1964); Nat'l Food Stores, Inc. v. Utley, 303 F.2d 284 (8th Cir. 1962); Honebein v. McDonald, 299 F.2d 493 (8th Cir. 1962); Solomon Dehydrating Co. v. Guyton, 294 F.2d 439 (8th Cir. 1961), cert. denied, 368 U.S. 929, 82 S.Ct. 666, 7 L.Ed.2d 192 (1961).

Finding no error, the judgment of the district court is affirmed.