UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest NELSON, a/k/a "Pop" Nelson,
Defendant-Appellant.

No. 72–2220
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1972.

Rehearing Denied Nov. 30, 1972.

See also D.C., 346 F.Supp. 926.

Arthur Massey, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., P. D. Aiken, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, Ernest Nelson, along with two co-defendants, was convicted on four counts relating to the distribution of heroin and possession with intent to distribute heroin, in violation of 21 U.S.C., § 841(a)(1). Appellant argues that he was entrapped into the commission of the crime charged. But appellant's attorney unqualifiedly announced at the close of the defense's case that he was not relying on the defense of entrapment and that he did not request an entrapment charge to the jury. He can not later be heard, for the first time, on appeal, to interpose the defense of entrapment. Longmire v. United States, 5 Cir., 1968, 404 F.2d 326, cert. denied 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225; Hale v. United States, 5 Cir., 1945, 149 F.2d 401, cert. denied 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436.

Appellant also contends that his motion to sever, based on the antagonistic defense of entrapment, should have been granted. It is axiomatic that whether defendants are to be tried to-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

gether or separately is a question resting in the sound discretion of the trial judge, Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Bretti v. Wainwright, 5 Cir., 1971, 439 F.2d 1042. A review of the record discloses no such abuse but instead reveals that there were, in fact, no such antagonistic defense. While the other co-defendants appeared to be pursuing entrapment defenses during the course of the trial, they, along with appellant, disavowed any desire to raise such a defense at the close of their case.

Affirmed.