DANIEL MOY *vs.* JACK MADDEN FORD SALES, INC.

Suffolk.    November 13, 1975. — February 24, 1976.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Minor. Contract,* With minor. *Practice, Civil,* Directed verdict. *Words,* "Assent."

In an action by a plaintiff seeking to disaffirm a contract for the purchase of an automobile made during his minority, the judge erred in directing a verdict for the plaintiff inasmuch as his mother's execution of a loan agreement to obtain the purchase money constituted

an "assent thereto in writing" within the meaning of G. L. c. 90, § 2C. [104-107]

A party who states one ground in support of a motion for a directed verdict is precluded from claiming on appeal that the motion should have been granted on a different ground. [107-108]

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 29, 1972.

On removal to the Superior Court, the action was tried by *Vallely,* J.

The case was submitted on briefs.

*Steven E. Bauman* for the defendant.

*Richard S. Daniels, Jr.,* for the plaintiff.

ARMSTRONG, J.   This is an action of contract in which the plaintiff seeks to recover the amount he paid the defendant for the purchase of an automobile during his minority, less the amount for which he resold the automobile after disaffirming the transaction. The case was tried prior to July 1, 1974 (see Mass.R.Civ.P. 1A, subparagraph 5, 365 Mass. 732 [1974]), to an auditor (facts not final), who found for the plaintiff, and thereafter to a jury. The defendant appeals from a judgment for the plaintiff which was entered after the trial judge had (1) allowed the plaintiff's motion for a directed verdict and (2) denied a similar motion filed by the defendant. The propriety of the judge's actions on both motions is at issue.

## THE PLAINTIFF'S MOTION

The action is predicated on the common law principle "that contracts of minors are voidable at the option of the minor in accordance with the policy of the law to afford protection to minors from their own improvidence and want of sound judgment." *Frye* v. *Yasi,* 327 Mass. 724, 728 (1951). The defendant's sole contention before us[1] is

---

[1] In the Superior Court the defendant also asserted that the automobile was a "necessary", that the plaintiff ratified the purchase after attaining his majority and (apparently) that he made the purchase as agent of one or both of his parents. As none of those defenses is now argued, we treat them as waived. See *Town Bank & Trust Co.* v. *Silverman,* 3 Mass. App. Ct. 28, 32 (1975).

based on G. L. c. 90, § 2C[2], inserted by St. 1969, c. 405:
"A minor eighteen years of age or older, if his parent or
guardian assents thereto in writing, shall have full legal
capacity to act in his own behalf in the matter of contracts
for the purchase, repair, or sale of motor vehicles, parts or
accessories therefor, and such contracts or any instrument
relative to the financing of such contracts, if otherwise
legal, shall have the same legal effect as if no minority
existed." The judge's allowance of the plaintiff's motion
for a directed verdict was in effect a ruling that the evi-
dence did not warrant a finding that the plaintiff's parent
had assented to the contract in writing. We summarize
the evidence in its aspect most favorable to the defendant
in order to test the propriety of that ruling. See *Gelinas*
v. *New England Power Co.* 359 Mass. 119, 120 (1971).

On March 9, 1971, the plaintiff, then eighteen, signed
an agreement for the purchase of a 1971 Ford Mustang
Mach I car from the defendant, an automobile dealer. The
plaintiff made a $100 down payment at the time, agreeing
to pay the $3,600 balance upon delivery. He thereafter
asked his mother for the funds necessary to complete the
purchase. She lent him $3,600, and he paid it to the de-
fendant and took delivery of the car about April 9, 1971.
The plaintiff notified the defendant of his decision to avoid
the purchase in September, 1972.

There is no contention that either of the plaintiff's par-
ents signed the purchase agreement or otherwise trans-
mitted any form of written assent to the defendant, and
such a contention would in any event be wholly lacking
in evidentiary support. Rather, the defendant relies upon
certain acts of the plaintiff's mother in financing the pur-
chase of the car, contending that she thereby "assent[ed]
thereto in writing" within the meaning of G. L. c. 90, § 2C.

---

[2] This section was repealed by St. 1973, c. 925, § 11, as a part of
comprehensive legislation to reduce the age of majority from twenty-
one to eighteen. It was in effect, however, at all times material to the
present case.

Specifically, she responded to the plaintiff's request for the purchase money by accompanying him to her bank and obtaining a loan in the amount of $3,600. In doing so she signed a loan agreement with the bank and took the proceeds in the form of a $3,600 check drawn on the bank and payable to the order of the defendant, which she gave to the plaintiff. She knew at the time that he intended to use it for the purchase of a car from the defendant, although she was unaware that it was to be "a sportscar or anything like that."

The plaintiff, on the other hand, maintains that § 2C was inapplicable unless a parent or guardian actually signed the contract. The dispute therefore centers on the proper construction of the provision of § 2C making a class of contracts of a minor enforceable only "if his parent or guardian assents thereto in writing." We are of the opinion that the interpretation urged by the plaintiff is overly narrow, that the facts relied upon by the defendant constitute a good defense under § 2C, and hence that the allowance of the plaintiff's motion for a directed verdict was erroneous.

As a general rule "[w]ords and phrases [in statutes] shall be construed according to the common and approved usage of the language . . . ." G. L. c. 4, § 6, Third. So construed, the verb "assent" means simply "to give or express one's concurrence, acquiescence . . . agreement or concession." Webster's Third New Intl. Dictionary, 131 (1971). Clearly the procurement by the plaintiff's mother of a loan in the form of a check payable to the defendant in the amount due under the plaintiff's contract, with full knowledge of her son's intention to use it for the purchase of a car, constituted an "assent" to the purchase within that definition. Although she lacked detailed knowledge of the particular make, model and body style, she was obviously aware of the essential nature of the transaction and the rather substantial amount of money involved. By executing the loan agreement to obtain the purchase money, the mother manifested her assent to the purchase

"in writing",[3] even though the document she signed did
not happen to be the purchase agreement itself. Cf. *Cor-
merais* v. *Wesselhoeft*, 114 Mass. 550, 552-553 (1874);
*Marsh* v. *Drowne*, 1 Mass. App. Ct. 777, 781-782 (1974).
Thus, on a natural reading of the "assent" provision of
§ 2C, the acts of the plaintiff's mother would appear to
have satisfied its requirements. We can discover nothing
in the remaining language of the statute or in the purpose
of its enactment to suggest that the provision was intended
to be interpreted more restrictively. See *Slaney* v. *West-
wood Auto, Inc.* 366 Mass. 688, 692-693 (1975).

The plaintiff argues that § 2C contemplated an oppor-
tunity on the part of the parent or guardian to read a
minor's contract in all its material particulars and that
the only guarantee of such an opportunity is a require-
ment that the parent sign the contract. While the plain-
tiff's position may be thought sound as a matter of social
policy, the fact remains that no such requirement ap-
peared in the statute.[4] Moreover the only obligation ordi-
narily imposed on the purchaser by contracts to which
§ 2C applied was to pay the purchase price, and the plain-
tiff's mother was well aware of that without reading or
signing her son's contract.

An additional difficulty with the plaintiff's contention
is that it presupposes the existence of a written contract
in all situations for the parent or guardian to sign. While

---

[3] We attach no significance to the fact (emphasized in the plain-
tiff's brief) that the loan agreement was not introduced in evidence, as
there was no need to prove its precise contents or legal effect vis-à-vis
the bank, but only to establish its existence, execution and purpose.
Thus, the plaintiff's reliance on the best evidence rule is misplaced. See
Leach & Liacos, Handbook of Massachusetts Evidence, at 263 (4th ed.
1967).

[4] The provision requiring the assent of the minor's parent or guard-
ian did not appear in the underlying bill as originally filed (1969
House Doc. No. 270), but was subsequently added in the redraft of
the bill (1969 Senate Doc. No. 1261) on which G. L. c. 90, § 2C, was
based. This suggests that the Legislature's attention was particularly
focused on the wording and effect of that provision. Compare *Common-
wealth* v. *Gove,* 366 Mass. 351, 355, fn. 2 (1974). Contrast *Common-
wealth* v. *Kraatz,* 2 Mass. App. Ct. 196, 201 (1974).

the plaintiff's contract in the present case was required to be in writing because of the amount of the purchase price (see G. L. c. 106, § 2-201), § 2C applied equally to "contracts for the purchase ... of ... [automotive] parts and accessories," many of which sell for amounts so low as to exempt them from the requirement of any writing.

### THE DEFENDANT'S MOTION

The defendant contends that its motion for a directed verdict (which was made at the close of the plaintiff's case and renewed after all the evidence had been received) should have been allowed because the plaintiff had the burden of producing evidence of lack of parental assent under § 2C and failed to present any such evidence.[5] The defendant's motion, however, was not based on the theory of parental assent. Rather, the only ground stated in the motion was an assertion that the plaintiff had ratified his contract with the defendant — a ground not argued in the defendant's brief and one which we do not consider. See fn. 1.

The jury trial occurred after July 1, 1974, and was therefore governed by the new rules of civil procedure. See Mass.R.Civ.P. 1A, 365 Mass. 731 (1974). Under Mass. R.Civ.P. 50(a), 365 Mass. 814 (1974), "A motion for a directed verdict shall state the specific grounds therefor."

---

[5] We note that all the evidence concerning the assent of the plaintiff's mother which we have heretofore recounted (and held sufficient to establish such assent within the meaning of G. L. c. 90, § 2C) came from the plaintiff's own lips, and was not counteracted by any testimony heard by the jury which was more favorable to him on that issue. While the auditor's report (which was introduced in evidence at the jury trial) contained general and ultimate findings for the plaintiff, the auditor's subsidiary findings were (with the possible exception of one or two ambiguous ones) wholly consistent with the plaintiff's testimony. Thus, if the issue of parental assent had been raised by the defendant's motion for a directed verdict, we think that the question would be whether the plaintiff was bound by that testimony. See *Flanagan* v. *John Hancock Mut. Life Ins. Co.* 349 Mass. 405, 408-409 (1965); *Schuster* v. *Baskin,* 354 Mass. 137, 140 (1968); *Gaynor* v. *Laverdure,* 362 Mass. 828, 841 (1973). Compare *Murphy* v. *Smith,* 307 Mass. 64, 68-69 (1940). That aspect of the question of parental assent is not briefed by the plaintiff.

That requirement is new to Massachusetts practice. Reporters' Notes under rule 50. See *Trites* v. *Melrose,* 318 Mass. 378, 380 (1945), and cases cited; *Schuster* v. *Baskin,* 354 Mass. 137, 140, fn. 3 (1968). It is taken from Fed.R.Civ.P. 50(a). Reporters' Notes under rule 50. We therefore look to the construction placed upon the quoted language by the Federal courts. *Rollins Environmental Services, Inc.* v. *Superior Court,* 368 Mass. 174, 179 (1975). Their consistent interpretation has been that the denial of a motion for a directed verdict which fails to state the grounds therefor is not error and cannot be complained of on appeal. See *Western Oil Fields, Inc.* v. *Pennzoil United, Inc.* 421 F. 2d 387, 390 (5th Cir. 1970). *Clark* v. *Central States Dredging Co.* 430 F. 2d 63, 65 (8th Cir. 1970), and cases cited. 9 Wright & Miller, Federal Practice and Procedure, § 2533, at 579, 582 (1971). Correlatively, a party who states one ground in such a motion is precluded from claiming later that the motion should have been granted on a different ground. *Randolph* v. *Employers Mut. Liab. Ins. Co. of Wisconsin,* 260 F. 2d 461, 465 (8th Cir. 1958), cert. den. sub nom. *Randolph* v. *Stokes,* 359 U. S. 909 (1959). *House of Koscot Dev. Corp.* v. *American Line Cosmetics, Inc.* 468 F. 2d 64, 68, fn. 4 (5th Cir. 1972). 9 Wright & Miller, Federal Practice and Procedure, § 2533, at 581 (1971). As the motion denied by the judge in the present case was based solely on the ground of ratification, the question whether such a motion raising the issue of parental assent could properly have been denied is not before us and we do not decide it.

*Judgment reversed.*