(90 South. 295)

**THOMAS et al. v. STATE.** (4 Div. 919.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied Oct. 13, 1921.)

**1. Criminal law ⚖️390—Testimony by accused as to intention in going to scene of difficulty held incompetent.**

In a prosecution for murder, it was not error to exclude testimony by one defendant that he intended to attend a party on the night of the homicide, as an excuse for being near the home of deceased which was the place of the killing, especially where evidence by his mother that he stated he was going to that party was admitted.

**2. Witnesses ⚖️388(5)—Cross-examination of mother of accused held proper.**

In a prosecution for homicide, where the mother of accused had manifested an ignorance of the killing until some time thereafter, and had given testimony as to defendant's whereabouts subsequent to the killing which tended to counteract the state's evidence of flight or an evasion of arrest, it was not error to permit her to be cross-examined as to the matters so brought out by defendant and as to inconsistent statements made by her as a predicate for contradiction.

**3. Witnesses ⚖️400(1)—A party can contradict his own witness.**

Though a party is not allowed to impeach his own witnesses, he is not precluded from

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 205 Ala. 130.

giving evidence which varies from or contradicts them.

**4. Criminal law** ⊂⇒**720(5)—Prosecutor can argue evidence showed testimony of state's witness to be false.**

Since the state can contradict the testimony of its own witness, the prosecuting attorney can argue from the contradicting evidence so introduced that the testimony of the witness was false.

**5. Criminal law** ⊂⇒**761(1)—Requested charges held properly refused as invading jury's province.**

It was not error to refuse charges requested by accused which, if not otherwise bad, invaded the province of the jury, as they were not justified under the state's evidence.

Appeal from Circuit Court, Coffee County; J. B. Foster, Judge.

Jim Thomas and another were convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for life, and they appeal. Affirmed.

The man assaulted and killed was Bud Reeves. Testimony for the state tended to show that Mr. Reeves got out of a wagon and went into Mr. Brown's house, his father-in-law, spoke to his wife, and while returning to the wagon was attacked by Jim Thomas with a chair and by Wes Thomas with a knife, and was cut, from which he died.

Jim Thomas, one of the defendants, proposed to testify that he had gone down to the Brown place to go to a party in that neighborhood, but, over the objection of the state, the testimony was excluded. But the mother of the defendant testified that as he left home he said he was going to the party and said he was leaving for that purpose. The same witness, Mrs. Thomas, while being cross-examined, was asked by the state:

"And did you not say that you did not know where they were, that they had been there a little while ago, but left, and that you did not know where they were?"

Another question addressed to the same witness as to whether or not Mr. Stuart came to her house about 11 o'clock and asked about the boys, Wes and Jim, and she said she did not know; that they had been there a little while ago and had left. Another question to the same witness:

"Did you not then and there also ask Mr. Stuart what was the cause of the trouble over there at Milt Brown's, and also ask him if Bud Reeves was dead?"

After Mrs. Reeves' examination by the state, and after the state had rested, she was called to the stand by the defendant and testified to seeing her husband and Wes Thomas at the wagon struggling over an ax that was in the wagon. As the attorney for the state made the opening argument, he said that the testimony of Mrs. Reeves was untrue, and that she was unworthy of belief, and also argued that she testified differently at this trial from her testimony on the preliminary trial, and that, if she had seen the ax, she would have said so in the preliminary trial. In the closing argument the solicitor also said that Lillie Reeves appeared to be and was an unwilling witness, and had to be brought to court by an attachment. Charge 5 refused to the defendant is as follows:

"(5) If the jury believe from the evidence that the witness Lillie Reeves told the truth of the matter about which she testified, when she testified that the deceased and the defendant went out from in front of the steps or near the steps, at the front of Milt Brown's to the wagon, that they went to the side of the wagon next to the Milt Brown residence and there stopped, and did not go to the side of the wagon opposite the Milt Brown house, and that deceased got up into the wagon from the side next to the Brown house, and that she saw her husband have an ax in his hand after he got to the wagon and before he got up into the wagon, and that she was looking towards the wagon as Bud Reeves and defendant went out towards the wagon and saw them going, and that she saw no commotion or running as they went or anything to indicate a difficulty till they reached the wagon, and did not see the chair till she saw it go over the wagon, it does not lie in the mouth of the state, and is not permissible for it to say she is not worthy of belief as to any of these matters."

Sollie & Sollie, of Ozark, and W. S. Huey, of Enterprise, for appellants.

The court was in error in its ruling on the evidence. 139 Ala. 217, 35 South. 698; 136 Ala. 58, 34 South. 177. Involuntary exclamations, uttered at the time, are admissible. 83 Ala. 287, 3 South. 671; 178 Ala. 636, 59 South. 461; 10 Ala. App. 95, 64 South. 507; 124 Ala. 14, 26 South. 979. The impeaching testimony as to Mrs. Thomas was improper. 82 Ala. 16, 2 South. 683; 19 Ala. 620; 113 Ala. 620, 21 South. 328; 1 Ala. App. 136, 56 South. 29. The assault upon the state's witness in the argument was clearly erroneous. 68 Ala. 475; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 181 Ala. 90, 61 South. 801; 110 Ala. 42, 20 South. 360; 170 Ala. 72, 54 South. 494; 159 Ala 51, 48 South. 662.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Most of the objections came too late. 192 Ala. 373, 68 South. 283; 194 Ala. 211, 69 South. 614. There was no error in the rul-

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ings on the evidence. 4 Michie's Ala. Dig. 294; 13 Michie's Ala. Dig. 714. There was no error in permitting the argument to the jury. 38 Cyc. 1490.

ANDERSON, C. J. [1] The trial court did not err in not permitting one of the defendants, Jim Thomas, to testify as to his intentions or purpose to attend a party the night of the homicide as an excuse for being at the Brown home, the place of the killing. 4 Michie's Digest, p. 161, § 238. Moreover, the trial court permitted evidence by his mother that he told her when leaving home that afternoon that he was going to the party that night.

[2] There was no reversible error in permitting the state to cross-examine Mrs. Thomas as to matters brought out by the defendant, or in permitting predicates for a contradiction by statements made by her as to when she first heard of the killing and of the whereabouts of the defendants. She had manifested ignorance of the killing until Sunday, and had testified where the defendants were between the killing and their arrest, and which had a tendency to counteract the state's evidence tending to show flight or an evasion of an arrest.

[3, 4] Although a party is not allowed to impeach his own witnesses, he is not precluded from giving evidence which varies from or contradicts said witnesses. Upson v. Raiford, 29 Ala. 188; Winston v. Moseley, 2 Stew. 137. This being true, he has the right to argue to the jury any facts and circumstances legitimately tending to show that they should believe the variant or contradictory evidence instead of said witness. 38 Cyc. p. 1490. The trial court did not therefore err in not excluding so much of the argument of counsel for the prosecution as attacked the testimony of Mrs. Reeves, the wife of deceased and which was in conflict with the evidence of other state's witnesses, or in refusing defendant's requested charge which we mark (5). We do not mean to hold, however, that said charge could not have been refused without error, even if the law was otherwise.

[5] There was no error in refusing the defendant's other requested charges. If not otherwise bad, they invaded the province of the jury, as they were not justified under the state's evidence.

While we have not discussed each ruling upon the evidence to which an objection was made or attempted, all of them have been considered, and, as the record discloses no reversible error, the judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.