Robbery; sentence: ten years.
The appellant was convicted for the robbery of one hundred dollars from Alley Drugs. He maintains that this conviction should be reversed because two blackboards containing conflicting notations were allowed in the jury room during the jury's deliberations where the blackboards had not been introduced and admitted in evidence, and because of statements made by the prosecutor during closing argument.
The evidence reveals that on the afternoon of October 26, 1974, Richard Craig drove the appellant to visit his sister. On leaving, they went to Alley Drugs because Craig wanted to purchase a wallet. The appellant did not accompany Craig into the *Page 1241 
store. At the cash register, Craig pulled a pistol from his pocket and the store employee put one hundred dollars into a bag held by Craig. This store employee testified that the appellant was standing beside Craig when this pistol was drawn and Craig and the appellant left the store together. Craig confirmed the fact that the appellant was in the store during the robbery, but testified that he did not tell the appellant of the robbery and denied that the appellant was standing beside him when he pulled his pistol. Craig further testified that when he and the appellant left the store, the appellant had no knowledge that a robbery had been committed.
Upon a description received from the store employee and information obtained from others near the store, a Birmingham City policeman stopped the car driven by Craig. The automobile was searched and the officer found a bag of money on the front seat between Craig and the appellant, and a pistol under the appellant's seat.
Craig pleaded guilty to the robbery of the Alley store before the trial of the appellant.
 I
The appellant urges that the trial court committed reversible error in allowing two blackboards to be taken into the jury room to be observed by the jury during their deliberation. Appellant asserts error because the blackboards had not been formally admitted into evidence, were given to the jury without the consent or knowledge of trial counsel, and allegedly contained conflicting testimony and notations. The blackboards contained diagrams of the general layout of the interior of Alley Drugs. The diagrams were drawn by witnesses for the prosecution and the defense during the course of the trial and were used to illustrate the testimony of the witnesses as to the events of the robbery.
After the verdict was returned by the jury and the trial judge had pronounced sentence upon the appellant in accordance with that verdict, the following occurred:
 "THE COURT: It is the judgment and sentence of this court that you be imprisoned in the penitentiary for a term of ten years.
 "MR. THORN: I would like to make one point at this time. There were some charts which were taken into the jury room that were not introduced into evidence.
 "THE COURT: Those are diagrams marked as Court's Exhibits. The one that had testimony on it I did not allow in the jury room.
 "MR. THORN: We would like to take exception to that Your Honor and give notice for appeal."
This exception, even if it be considered an objection, was untimely and not seasonably made. Defense counsel should not be allowed to gamble upon the possibility of a favorable answer or verdict. The objection must be made as soon as the ground becomes apparent. McCormick, The Law of Evidence, § 52; Wigmore, Evidence, § 18; 6A Alabama Digest, Criminal Law 690.
The record is devoid of any indication as to when it became apparent that the blackboards were present in the jury room or when defense counsel gained knowledge of this. Under these circumstances, we must conclude that where the objection to the presence of demonstrative evidence in the jury room during the deliberations of the jury is made after the verdict is returned, the objection is waived.
Furthermore, had the objection been timely, the assigned objectionable character of the blackboards (that they were not introduced or admitted in evidence) is insufficient. Where a diagram has not been formally introduced in evidence, the fact that it has been used in connection with the giving of testimony makes it evidence in the case and proper to go before the jury in its deliberations. 1 McElroy, The Law of EvidenceIn Alabama, 291, § 123.01. Where the jury has had an adequate view of real evidence it is not strictly needful to make a formal introduction of it in evidence. Rainey v. State,48 Ala. App. 530, 266 So.2d 335 (1972) and cases *Page 1242 
cited therein. Under the authorities cited above, the action of the trial court was proper in permitting the blackboard without testimony on it to go to the jury.
In his brief on appeal, appellant's counsel assigns an additional ground for error in permitting the blackboard in the jury room. Indeed he insists, apparently, that both blackboards, were in the jury room. This insistence is simply not sustained or supported by the evidence. The trial Judge specifically stated that he did not allow the blackboard with testimony on it in the jury room. Additionally, as the appellant did not assign this ground when he stated his objection at trial, it was waived. Lackey v. State, 41 Ala. App. 46, 123 So.2d 186, cert. denied, 271 Ala. 699, 123 So.2d 191
(1960); Whiddon v. State, 53 Ala. App. 280, 299 So.2d 326
(1973). The appellant is bound by the objection which he asserted at trial. Roynica v. State, 54 Ala. App. 436,309 So.2d 475, cert. denied, 293 Ala. 772, 309 So.2d 485, cert. denied,423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 85 (1974).
 II
During the course of the State's closing argument the following occurred:
 "MR. JOHNSON: He admitted on the stand that he (Richard Craig) and Mr. Smith (the appellant) are friends.
"MR. THORN: I object to that.
 "THE COURT: You remember the testimony, ladies and gentlemen, as you heard it. What he says is not evidence."
Liberal rules are allowed counsel in drawing inferences from the evidence in their arguments to the jury, whether they are truly drawn or not. Mitchell v. State, 57 Ala. App. 601,329 So.2d 658, cert. denied, 295 Ala. 412, 329 So.2d 663 (1976);Binion v. State, 57 Ala. App. 234, 327 So.2d 729, cert. denied,295 Ala. 391, 327 So.2d 732 (1975). In view of the testimony of Craig to the effect that he had taken the appellant to visit the appellant's sister in his own car, that they had visited there for fifteen or twenty minutes, and that they had then gone to Alley Drugs together, we think the Deputy District Attorney was within the bounds of allowable inferences deducible from the evidence in this instance.
The appellant also argues that error resulted from the following statement of the Deputy District Attorney in closing argument:
 "MR. JOHNSON: Richard Craig was either lying to you yesterday or he was lying to Tommy White about what, the day after, about what did happen.
 "MR. THORN: I object. I don't think there has been any testimony about a Tommy White. I ask that that be excluded.
 "THE COURT: Go ahead. Let's don't state evidence that's not in evidence."
The Deputy District Attorney had cross-examined Craig in the course of the trial in regard to some statements Craig made to a Sergeant White the day after the robbery. Craig admitted telling Sergeant White that he "never intended to rob the store at anytime" and that "it was all just an accident". He denied telling White that the appellant was standing right next to him when he pulled the gun. Sergeant White did not testify nor was he identified as Tommy White.
The witness admitted talking with Sergeant White; he admitted making some statements and denied making others. Under these circumstances, the Deputy District Attorney's argument went to the credibility of the witness and as such was within the proper scope and limit of argument. The credibility of witnesses as shown by the reasonableness of their story and many other considerations, are legitimate subjects of criticism and discussion. Peek v. State, 19 Ala. App. 370, 97 So. 374
(1923); Jackson v. State, 239 Ala. 38, 193 So. 417 (1940); Wallv. State, 2 Ala. App. 157, 56 So. 57 (1911); Cook v. State,152 Ala. 66, 44 So. 549 (1907); Thomas v. State, 206 Ala. 416,90 So. 295 (1921). The prosecutor's remarks were grounded on some testimony given by the witness himself. The appellant made a motion to exclude and the trial Court cautioned the prosecutor not to argue facts not in evidence. No further action was *Page 1243 
requested of the court in relation to this statement. There is no legal standard by which prejudicial qualities of improper remarks of the District Attorney can be gauged. Each case must be determined on its own merits. Smith v. State, 282 Ala. 268,210 So.2d 826 (1967); Atchinson v. State, Ala.Cr.App.,331 So.2d 804, cert. denied, Ala., 331 So.2d 806 (1976). We do not believe that the remarks in question were so prejudicial to the appellant as to have a natural tendency to influence the jury adversely to the appellant or to have denied him a fair trial.
We have carefully examined the entire record as required by law, including each and every ruling and action of the trial Court adverse to the appellant. We have found none which affected the substantial rights of the appellant.
The judgment of conviction is hereby
AFFIRMED.
All Judges concur.