TYSON, Judge.
Verne Harold William Kuhlow was indicted for the offense of rape, found “guilty as charged in the indictment” by the jury, and sentenced to thirty years imprisonment in the penitentiary.
The prosecutrix testified that, on July 29, 1979, she went to bed at 9:30 p. m. and was later awakened by the sound of pounding on her door. Before she was completely awake, someone covered her head with a greasy rag and told her, “Shut up or I’ll kill you.” The prosecutrix was then tied up and raped twice. She testified that she was a virgin prior to the rape incident and this testimony was corroborated at trial by a doctor who examined her the morning following the incident in question.
The prosecutrix indicated that the assailant had a northern accent and she stated that the “voice sounded like that of the appellant.”
The appellant testified that the prosecu-trix had consented to sexual intercourse, but became alarmed about the possibility of pregnancy when the appellant ejaculated within her. According to the appellant, he was also afraid that his wife would find out that they had had intercourse. He stated that he and the prosecutrix thereupon planned that the prosecutrix would pretend to have been raped so that in the event she did become pregnant she would be able to more easily obtain an abortion.
I
The appellant first contends on appeal that the clothing he wore on the night of the alleged rape was improperly introduced into evidence against him at trial.
Officer John C. Davis of the Auburn Police Department testified that he and Captain John Lockhart went to the appellant’s trailer the morning after the alleged rape and were admitted thereto by appellant’s wife. Officer Davis stated that he and the other officer knocked on the trailer door and, when Mrs. Kuhlow answered, the officers asked her if they could come in and ask her some questions. According to the offi *167 cers, she replied, “Yes. Appellant was not present at this time. In response to the officers’ questioning, Mrs. Kuhlow told them that, on the preceding night, her husband had been wearing a pair of jogging pants and a blue knit shirt. When asked if she had any objection to the officers taking the clothing with them she said she did not. Officer Davis denied telling Mrs. Kuhlow that the appellant had given the police permission to retrieve the items.
Mrs. Kuhlow, on the other hand, testified that she was asked by the police if she would answer some questions. She asked them “if it could wait until later” because she had a class at school to attend. According to Mrs. Kuhlow, the police said, “No, we have to talk to you now.” Once inside her trailer, Officers Lockhart and Davis told her that her husband had given them permission to take the clothes he had worn the previous evening and she, therefore, assumed that she could give them to the officers.
Appellant contends that the warrantless search of his trailer was in violation of the Fourth Amendment to the United States Constitution, and, therefore, it was error to admit into evidence at trial the clothing recovered by the police officers from his trailer.
“Proper consent may constitute a waiver of Fourth Amendment rights, Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946), and makes a search warrant wholly unnecessary. Toston v. State, 333 So.2d 161 (Ala.Cr.App.1976). The voluntariness of consent to search is a question of fact to be determined from the totality of all the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); United States v. Smith, 543 F.2d 1141 (5th Cir. 1976).”
Barclay v. State, Ala.Cr.App., 368 So.2d 579, 580, cert. denied, Ala., 368 So.2d 581 (1979).
In Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, Ala., 335 So.2d 688 (1976), there was conflicting testimony adduced at trial regarding whether the wife of the appellant had voluntarily given police officers consent to search her trailer from which incriminating articles of clothing were found.
In Liptroth, supra, we said:
“The trial court ruled that the evidence should not be excluded as he believed the police officer’s version of the facts surrounding the consent rather than the version given by Mrs. Liptroth. Where there is conflicting evidence as to whether or not a party has consented to a search, the trial court is in the better position to determine consent or lack thereof. Jones v. State, 49 Ala.App. 438, 272 So.2d 910 (1973); Payton v. State, 47 Ala.App. 347, 254 So.2d 351 (1971). ...” Ala.Cr.App., 335 So.2d at 688.
Accordingly, we hold the trial court did not commit error in admitting appellant’s clothing in the present case. Harris v. State, Ala.Cr.App., 333 So.2d 871 (1976), and authorities cited.
II
Appellant next contends that the trial court erred in admitting evidence of samples of the defendant’s hair from his head and pubic region, fingernail scrapings, saliva, and his undershorts. Appellant insists that the taking of these samples from his person violated his rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.
On the morning after the alleged rape, the appellant was taken to the police station for questioning. While at the police station, the appellant was questioned by several officers. He was asked if he would give samples of hair from his head, pubic hair, and fingernail scrapings. One police officer testified that he answered, “Yes,” and another police officer testified that appellant said that he wanted to do everything possible to help clear up the matter.
In contrast to the officers’ testimony, the appellant testified that he was told by the police that he could not leave the station until he gave the requested physical samples.
*168 Thus, there was conflicting testimony regarding the appellant’s alleged consent to the taking of the samples and therefore this Court will not disturb the finding of the trial court in this regard absent clear abuse of discretion. Barclay v. State, supra; Liptroth v. State, supra, and authorities therein cited.
In addition to the taking of the hair and fingernail samples, the appellant also complains that he was compelled to give a saliva sample without a court order.
Appellant was arrested on August 2, 1979, and, on August 3, the district attorney obtained an order from the trial court compelling the appellant to submit to a blood test. While at the hospital for the blood test, the appellant was asked by the police to give a saliva sample. According to Officer Eugene Sparks, the appellant was hesitant, at first, but when the police told him they would get another court order, he agreed to furnish the saliva.
Clearly, this action by the police officer did not violate appellant’s rights. Hubbard v. State, 283 Ala. 183, 215 So.2d 261 (1968); McDade v. State, 49 Ala.App. 533, 274 So.2d 89 (1972); see Hill v. State, Ala.Cr.App., 366 So.2d 296 (1978), affirmed, Ala., 366 So.2d 318 (1979), and authorities therein cited.
Ill
Appellant also maintains that the trial court committed reversible error in allowing into evidence a statement made by him following his arrest. In this statement the appellant indicated that the woman he was accused of raping had actually consented to sexual intercourse.
Chief Marion Harding testified that, after the appellant was arrested on August 2, 1979, he interviewed him the next day. Before the interview began, Chief Harding told the appellant that he had the right to remain silent, that anything he said could be used against him in court, that he had the right to talk to a lawyer for advice before any questioning and to have him present during questioning, that if he could not afford a lawyer, one would be appointed for him before questioning, that if he decided to answer any questions without a lawyer present, he would still have the right to stop answering at any time.
Chief Harding further testified that he in no way threatened the appellant, nor offered him hope of reward, or other inducement, did not tell him it would be better or worse for him if he gave a statement, nor did he deprive him of food or water, or threaten, or otherwise abuse the appellant.
At trial, the appellant admitted that his rights had been read to him a “few times,” that he understood his rights, and that he had signed three waiver forms.
From the totality of the circumstances appearing in the record of this cause we hold that the trial court did not err in admitting appellant’s statement into evidence. Coon v. State, Ala.Cr.App., 380 So.2d 980 (1979), affirmed, Ala., 380 So.2d 990 (1980), and authorities therein cited.
IV
The trial court properly refused to give appellant’s written requested instruction because the word “inconsistent” was misspelled therein so that it appeared as “inconsistend.” Steele v. State, 56 Ala.App. 539, 323 So.2d 721, cert. denied, 295 Ala. 423, 323 So.2d 726 (1975); Blevins v. State, 20 Ala.App. 229, 101 So. 478, cert. denied, 211 Ala. 615, 101 So. 482 (1924).
There being no error in this record, this cause is due to be and is hereby
AFFIRMED.
All the Judges concur.