Eddie Lee Williams was indicted for the intentional killing of Tommy Square in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty of manslaughter as charged in the indictment." Following a habitual offender hearing, appellant was sentenced to 15 years' imprisonment.
On February 11, 1981, Pauline Oden took her sister, Sharon Williams, to the income tax office in Bessemer. While they were there, Sharon's husband, the appellant in this case, came into the office. The appellant began to protest the fact that Ms. Williams wished to file a single return. Ms. Margaret Johnson of the income tax service informed the appellant that if his wife wished to file single, he could do nothing about it.
Ms. Oden and Williams left the office shortly to return to their mother's home. While stopped at a traffic light, the appellant pulled beside them and shouted obscenities at Ms. Oden. When Ms. Oden arrived at her home, she told her boyfriend, Tommy Square, what had happened at the traffic light. Later that night, Mr. Square telephoned the appellant.
The next morning, Mr. Square and Ms. Oden were working in their home. Ms. Violet Square, Mr. Square's mother, told them to go to the front door because someone was parked in the street blowing their horn. When Ms. Oden and Mr. Square went to the front door, they saw the appellant in his car parked in front of their house. Mr. Square asked the appellant what he wanted, to which the appellant replied, "Man, I don't appreciate you calling my house last night telling me what I said about that bitch of yours." Ms. Oden asked Mr. Square not to argue with the appellant and Mr. Square pushed her back into the house. At this point, Ms. Oden went to the kitchen to turn off the stove. While she was there, she heard two shots. She ran to see what happened and when she reached the front of the house, Ms. Square told her Tommy had been shot. As Ms. Oden walked outside, she saw the appellant's car speed away. She saw Mr. Square bleeding and called the police and ambulance. One of their neighbors, Clarice Cooper, looked out her window when she heard the shots and saw appellant's car driving away.
Tommy Square was taken to the hospital where he died six days later. The cause of death was determined to be a gunshot wound to the abdomen.
The appellant admitted shooting Mr. Square but stated he did not shoot him intentionally. While the two were arguing at the car, Mr. Square grabbed the appellant with one hand and reached behind himself with the other. The appellant stated he did not see a weapon but became scared, and picked up a gun which was lying on the front seat beside him. He claimed she shot *Page 1373 
the gun in self-defense, and did not mean to hit Mr. Square.
 I
The appellant contends the trial court committed reversible error by refusing appellant's requested charge number 25. It is unnecessary for this court to review the merits of the appellant's contention on this issue because of his failure to reserve any exception to the trial court's decision to refuse the charge at the trial court level. The "automatic exception" rule no longer applies to criminal cases in Alabama. Gullatt v.State, 409 So.2d 466 (Ala.Cr.App., 1981), Allen v. State,414 So.2d 989 (Ala.Cr.App., 1981), affirmed, Ex Parte Allen,414 So.2d 993 (Ala., 1982).
Moreover, the trial court properly refused to give appellant's requested charge because the word care was misspelled therein, so that it appeared as case in the phrase "standard of care." Kuhlow v. State, 397 So.2d 165
(Ala.Cr.App., 1980), writ quashed, 397 So.2d 169 (Ala. 1981),Akers v. State, 399 So.2d 929 (Ala.Cr.App., 1981). See alsoPayne v. State, 419 So.2d 286 (Ala.Cr.App. 1982).
 II
The appellant contends the trial court committed reversible error by improperly admitting testimony as to statements made by Ms. Violet Square to the state's witness, Ms. Pauline Oden. Ms. Oden testified that Ms. Square said immediately after the two shots, "Mickey, he done shot Tommy." We find no merit to the appellant's contention. The testimony was hearsay, but it clearly falls within the spontaneous exclamation or res gestae exception to the hearsay rule. This subject is covered extensively in Gamble, McElroy's Alabama Evidence § 265.01 (3rd ed. 1977):
 "Generally, a person's statement concerning a startling occurrence, made while he is perceiving the occurrence, or soon after his perception thereof, and while he is under the stress of a nervous excitement created by such perception, is admissible as tending to prove the truth of the matter asserted. A statement of this kind is frequently referred to as a spontaneous exclamation or excited utterance and is an exception to the hearsay rule.
 "The statement must be the apparently spontaneous product of that occurrence, operating upon the visual, auditory, or other perceptive sense of the speaker. The declaration must be instinctive rather than deliberative. In short, it must be the reflex product of the immediate sensual impressions, unaided by retrospective mental action."
Harville v. State, 386 So.2d 776 (Ala.Cr.App., 1980), Bass v.State, 375 So.2d 540 (Ala.Cr.App., 1979).
It, of course, is a startling occurrence to see anyone shot, but such is a far more shocking event where the victim is one's son. Ms. Square's statement was a spontaneous response to the act she had just witnessed, and falls within the recognized spontaneous exclamation exception to the hearsay rule.
Furthermore, the rationale of such spontaneous exclamation exception is not limited to statements of the victim or the defendant but extends to bystanders as well. Harville, supra,Bass, supra.
Moreover, a trial judge is given reasonable discretion to determine the question of the spontaneity of a statement, especially in close cases. We therefore conclude that the trial judge exercised his discretion properly, when he admitted the testimony. Lastly, the appellant could not have been harmed by this testimony since he admitted shooting the deceased. Bass, supra.
 III
The appellant's final contention is that the trial court committed reversible error *Page 1374 
by improperly excluding certain testimony of Ms. Pauline Oden on cross-examination. The appellant claims the trial court unduly restricted his right to cross-examine Ms. Oden. "The latitude and extent of cross-examination is a matter within the sound discretion of the trial court and if the trial court determines that a question, or course of questions, is irrelevant to a material issue in such case, this court will not reverse that determination unless the record reveals a clear abuse of such discretion." Weaver v. State, 407 So.2d 568
(Ala.Cr.App., 1981), Renfroe v. State, 382 So.2d 627
(Ala.Cr.App., 1980), writ denied, 382 So.2d 632 (Ala. 1980),Daniels v. State, 375 So.2d 523 (Ala.Cr.App., 1979). We have carefully reviewed this record and find no abuse of discretion by the trial court in this regard.
Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.