TYSON, Judge.
Thurmond Hampton was charged in two separate indictments with attempted first degree sodomy in violation of §§ 13A-6-63 and 13A-4-2, Code of Alabama 1975 and first degree rape in violation of § 13A-6-61, Code of Alabama 1975. These cases were consolidated for trial pursuant to a motion granted on August 6, 1985. The jury found the appellant “guilty as charged” in both indictments. The trial judge sentenced appellant to 22 years in the state penitentiary for the rape conviction and two years for the attempted sodomy conviction to run concurrently with the 22 year rape sentence.
The State presented evidence which tended to show that on the night of December 31, 1984, New Year’s Eve, the prosecutrix was at home watching television with her two daughters, ages 5 and 2. Her husband was at a party. At about 2:00 a.m., while she was watching television, the television went off. At about the time prosecutrix was checking the television, she heard the front door close. Moments later, the appellant kicked open the bedroom door, grabbed the prosecutrix around the neck and threatened to kill her if she were not quiet. Both the prosecutrix and her husband had known appellant for several years. Appellant then threw the prosecu-trix to the floor and tried to put his penis in her mouth.
The prosecutrix testified that she tried to fake a heart attack to get away but was *560 unsuccessful. Her five-year-old daughter screamed, “Thurmond, turn my mommy aloose.” Appellant raped the prosecutrix and then said he had done it because he hated the prosecutrix’s husband.
A few minutes later the prosecutrix ran to a neighbor’s house where she called the police. The police discovered that fuses had been removed from the fuse box at the home of the victim.
The victim was taken to the hospital and examined. The results indicated that the prosecutrix’s husband could not have been the one who raped her, but that it could have been this appellant.
During the State’s testimony concerning the various tests used to investigate the rape, the witness referred to a blood chart he had prepared to explain the results. The chart was later admitted over objection by defense counsel.
The defendant testified that he had been to a party that night and had been staying with his grandfather, who was deceased by the time of the trial. He left the party at 2:15 a.m. and went to his grandfather’s house and went to bed. Appellant testified that he did not rape the victim. During cross-examination, the prosecution elicited testimony from the defendant, over defense counsel’s objection, concerning whether or not the defendant’s deceased grandfather had contacted law enforcement authorities with an alibi for the defendant.
I
The appellant contends that the trial court erred in admitting the statement of the victim’s child made during the course of the rape. Appellant argues that the statement “was a hearsay declaration introduced to prove the identity of the defendant, the issue in the case and was prejudicial error as to Defendant, ... and denied him his right to confront the witness.” (Brief of appellant, p. 8).
The relevant portion of the victim’s testimony appears in the record as follows: (R. 12)
“Q. Now, at the point that your little girl started screaming, did she say anything?
“MR. SHORT: Judge, we object to what the little girl may have said.
“MR. ANDREWS: This was in the presence of the defendant.
“THE COURT: Overruled.
“Q. What did your little girl say when she started screaming?
“A. She said, “Thurmond, turn my mommy aloose.”
We must note at the outset that appellant did not offer specific grounds for his objection to this testimony at trial. It has been held that “a general objection ... is insufficient to present ... [a] hearsay issue for appellate review.” In such cases unless “the testimony is clearly ... inadmissible for any purpose, the trial court will not be put in error for overruling the general objection.” McLoyd v. State, 373 So.2d 1175, 1181 (Ala.Cr.App.), cert. denied, 373 So.2d 1185 (Ala.1979); See Reeves v. State, 456 So.2d 1156 (Ala.Cr.App.1984).
Nevertheless, due in part to the existence of some conflicting decisions on this point, (See C. Gamble, McElroy’s Alabama Evidence, § 426.01(9) (3d ed. 1977)), we have considered appellant’s argument and find it to be without legal merit.
The child’s statement clearly falls within the “spontaneous exclamation” exception to the hearsay rule, especially when considered in light of Bass v. State, 375 So.2d 540 (Ala.Cr.App.1979), cited by appellant. See C. Gamble, supra at § 265.01; Williams v. State, 424 So.2d 1371 (Ala.Cr.App.1982). The fact that the statement was made by the victim’s own child during the course of the rape certainly gives this testimony sufficient trustworthiness so as to bring it within this particular exception. Bass, supra.
The appellant focuses his argument on certain dicta in Bass wherein this court discussed the application of the harmless error rule to the facts in that case. The court noted that the admission of the hearsay in that case was harmless since it did *561 not bear on the “real issue” in the case, i.e., the identity of the defendant. Bass, supra at 544 (emphasis added). The court stated that “an entirely different occasion would be presented for showing some injury to defendant if the contested issue had been as to what was done instead of who did it, the latter being the actual issue in this case.” Bass, supra at 544.
Appellant urges that we distinguish Bass from the case at bar on this basis. This is unnecessary since we have found that the admission of the child’s statement in this case was not erroneous. The trial judge was well within the limits of his discretion in admitting the child’s statement. Bass, supra; Williams, supra.
II
The appellant contends that the trial judge committed reversible error by admitting the blood sample chart into evidence when the blood samples themselves had not been offered nor admitted into evidence. We disagree.
“The question of whether an item of evidence will go into the jury room is largely left to the discretion of the trial judge.” C. Gamble, McElroy’s Alabama Evidence, § 10.04 (3rd ed. 1977). Furthermore, “[t]he admissibility of demonstrative evidence is largely within the discretion of the trial judge.” Longmire v. United States, 404 F.2d 326 (5th Cir.), cert. denied, 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225 (1969).
It was not necessary for the blood samples themselves to have been formally introduced before admitting the comparative chart. Smith v. State, 344 So.2d 1239 (Ala.Cr.App.), cert. denied, Ex Parte Smith, 344 So.2d 1243 (Ala.1977). “Where the jury has had an adequate view of real evidence, it is not strictly needful to make a formal introduction of it in evidence.” Smith, supra at 1241. “[T]he fact that it has been used in connection with the giving of testimony makes it evidence in the case and proper to go before the jury in its deliberations.” Smith, supra.
The record clearly indicates that the blood samples themselves were present in court at at least one point. (R. 120, 122). Furthermore, the witness testified at great length concerning the samples, the processes of analysis and the results as exhibited on the chart prior to the chart’s admission. (R. 119-134). The complexity of the subject matter could certainly have necessitated the use of such a chart. We hold, therefore, that the trial judge did not abuse his discretion in admitting the chart into evidence and allowing it to be taken to the jury room for deliberations.
Ill
The appellant contends that the trial court committed reversible error in permitting the prosecutor to ask the defendant on cross-examination whether the defendant's deceased grandfather contacted law enforcement authorities with an alibi for the defendant. The appellant argues that this questioning was “an effort to shift the burden to the Defendant in an unfair fashion.” (Brief of appellant, p. 14).
We find the appellant’s argument to be without legal merit. We fail to see how such a question constitutes “an effort to shift the burden to the defendant.”
Furthermore, the scope of cross-examination extends to all matters within the issues of the case. Trawick v. State, 431 So.2d 574 (Ala.Cr.App.1983); Renfroe v. State, 382 So.2d 627 (Ala.Cr.App.), cert. denied, 382 So.2d 632 (Ala.1980). “The scope and extent of cross-examination are matters addressed to the sound discretion of the trial court, whose ruling will not be disturbed absent a showing of gross abuse or substantial injury.” Trawick, supra at 576-577.
The line of questioning here was relevant to the issue of the defendant’s alibi. The record reveals that the appellant did have knowledge concerning the matW. (R. 150). We hold, therefore, that the trial judge did not abuse his discretion in allowing the prosecutor to question the appellant concerning this matter.
*562 For the foregoing reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.